# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARTHUR L. HAIRSTON, SR.,

      Petitioner,

v.                                            Civil Action No. 3:06cv123
                                                    Criminal Action No. 3:00cr24(1)
                                                      (Judge Broadwater)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

On November 6, 2006, the *pro se* petitioner filed a Writ of Habeas Corpus for Immediate Release in the above-mentioned criminal case. Although Petitioner does not assert the exact basis for his claims, because of the nature of the relief sought and Petitioner's indication on the petition that it be filed in his criminal case, the petition has been construed as one arising under 28 U.S.C. § 2255.[1] Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to Standing Order No. 2 and LR PL P 83.15, et seq.

## I. Factual and Procedural History

### A. Petitioner's Conviction and Sentence

On March 16, 2000, Petitioner was charged with one count conspiracy to distribute crack cocaine, three counts of distributing crack cocaine and two counts of aiding and abetting the distribution of crack cocaine. On March 16, 2001, Petitioner was found guilty by a jury on all counts. On August 3, 2001, Petitioner was sentenced to 240 months incarceration on count one

---

[1] A review of Petitioner's criminal case shows that this is not his first § 2255 motion and the Court was not therefore required to advise Petitioner that his petition was being construed as a motion under § 2255 prior to the court's characterization of his petition as such. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002)

and 240 months incarceration on counts two through six. Petitioners' sentence was ordered to run consecutive and concurrent to the extent necessary to produce a total sentence of 290 months incarceration. An amended judgment and commitment ("J&C") order was issued on August 9, 2001, however, Petitioner's total sentence remained the same.

Petitioner appealed his conviction and sentence on August 20, 2001. Petitioners' conviction and sentence were *per curiam* affirmed on June 7, 2002. Petitioner's Petition for Writ of Certiorari to the United States Supreme Court was denied on October 15, 2002.

## B. Petitioners' First Federal Habeas

On October 20, 2003, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In the motion, Petitioner raised the following grounds for relief:

(1) ineffective assistance of counsel for failing to raise certain Apprendi[2] arguments, failing to object to a flawed or defective indictment, and failing to object to the Probation Officer's constructive amendment of the indictment in the pre-sentence report,

(2) the trial court abused its discretion by denying Petitioner's motion for pretrial evidentiary hearing;

(3) the trial court's refusal to grant Petitioner a continuance deprived him of effective representation of counsel;

(4) the government's usage of transcripts of audio taped recordings of controlled buys were highly prejudicial and prevented Petitioner from presenting an adequate defense;

(5) the trial court improperly permitted the United States to use "other bad act" evidence which was more prejudicial than probative and was prohibited by Apprendi;

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

(6) the evidence used against him in the conspiracy charge was insufficient to support the jury's guilty verdict;

(7) the trial court erred by permitting the United States to violate the rule of completeness;

(8) the prosecuting attorney engaged in prosecutorial misconduct;

(9) the trial court wrongly permitted the United States to violate Apprendi; and

(10) the Supreme Court's ruling in Blakely,[3] requires that his sentence be vacated and a new evidentiary review be conducted consistent with that decision.

On August 4, 2004, the undersigned issued a Report and Recommendation ("R&R") on Petitioner's first § 2255 motion. After reviewing each of the claims, I determined that Petitioner's claims were without merit and recommended that the petition be denied.[4] On October 6, 2004, after considering the R&R and Petitioner's objections, the Honorable W. Craig Broadwater adopted the R&R in its entirety. Accordingly, Petitioner's § 2255 motion was denied and dismissed with prejudice.

## C. **Petitioners' Second Federal Habeas Corpus**

In the instant action, Petitioner asserts that the Court was "absent jurisdiction and the

---

[3] Blakely v. Washington, 524 U.S. 296 (2004).

[4] As to ground one, I found that counsel either made the challenged Apprendi arguments or had no grounds to make such argument, that the indictment clearly set forth the essential elements of the charges, and that changing the amount of relevant conduct from 500 grams to 1.5 kilograms did not effect the court's ability to ascertain conduct and impose a proper sentence. As to grounds two, six, eight and nine, I found that Petitioner failed to raise those grounds on direct appeal and that he could not show cause and prejudice for his default. Thus, I found that those grounds were barred from federal habeas review. As to grounds three, four, five, and seven, I found that those issues were raised on direct appeal and were rejected by the Fourth Circuit Court of Appeals. Because the Court of Appeals found those claims to be without merit, I found that Petitioner could not raise those issues again on collateral review. Finally, as to count ten, I found that Blakely was not retroactive to cases on collateral review.

3

government was absent authority to bring [him] before the court, as the indictment was a fraud." Petition at 1-2. Therefore, Petitioner asserts that he should be released immediately because his rights under the Declaration of Independence, the Constitution of the United States and the Bill of Rights were violated. Petitioner asserts that the government was without jurisdiction to use an Article IV Court and that the Courts and the prosecutors conspired to violate his rights. Further, Petitioner asserts that a United States District Court is an Article IV Court whose jurisdiction is limited to the District of Columbia and Territories. Petitioner asserts that the proper court of jurisdiction over his case was a District Court of the United States, an Article III Court. Due to this violation, Petitioner asserts that the use of a grand jury to indict him was a violation of the Fifth Amendment because grand juries cannot be used in conjunction with an Article IV Court. Petitioner also asserts that this violates his double jeopardy rights.

Additionally, Petitioner asserts that the Courts, prosecutors and the Bar Association violate the rights of American Citizens on a daily basis by using Article IV Courts, by protecting lawyers from being sued, and by ignoring the Eighth Amendment by imposing excessive bail, fines, forfeitures and cruel and unusual punishment. Petitioner asserts that those persons also violate their oaths of office by failing to impeach judges who perpetrate the above mentioned violations and by failing to remove others who do the same. Petitioner believes that these facts make the Department of Justice ("DOJ") and this Court liable for fraud.

Petitioner then attempts to show why this Court is an Article IV Court and how that fact violated his due process and equal protection rights during his criminal proceedings. Moreover, Petitioner asserts that his attorneys were incompetent and ineffective, presumably for failing to recognize that this Court did not have the appropriate jurisdiction over his claims. Petitioner then states that it is impossible to petition the government for redress because there are too many

4

violations of the constitution by officers of the court, the legislature and the executive branch of the government.  Petitioner further asserts that he committed no offense against the United States and that it is impossible for the DOJ and the United States Attorney to rebut the claims made in this petition.  Finally, Petitioner asserts that there is a clear distinction between Article III and Article IV Courts.

## II.  Analysis

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002).   Here, Petitioner's first § 2255 motion was clearly dismissed on the merits.  In addition, Petitioner's current § 2255 motion challenges the same sentence as was challenged in his first § 2255 motion and in fact, raises some of the same issues, *i.e.* ineffective assistance of counsel and a defective indictment.  Moreover, the grounds raised in the instant petition were available to Petitioner at the time his first § 2255 motion was filed and should have been raised at that time.  Thus, the undersigned finds that the current § 2255 motion is  a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court.  Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255,  this Court is

5

without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition.

Within TEN (10) DAYS after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is made and the basis for such objections. A copy of such objections shall also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: November 7, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE